UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| LUKE NGUYEN,<br><br>    PLAINTIFF.<br><br>V.<br><br>UNIVERSITY OF ST. AUGUSTINE FOR HEALTH SCIENCES<br><br>    DEFENDANT. | COMPLAINT FOR DAMAGES<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, SECTION 504 OF THE REHABILITATION ACT, BREACH OF CONTRACT, NEGLIGENCE, DEFAMATION**

NOW COMES Plaintiff, **LUKE NGUYEN**, by and through his attorneys, Lento Law Group and The Law Office of Keith Altman, and for his Complaint against Defendants, hereby states the following:

## BACKGROUND

1. Defendants' actions, set forth more fully herein, violate section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §791, *et seq.*, and Title III of the Americans with Disabilities Act (ADA, ADA-AA), 42 U.S.C. §12101, *et seq.*

## PARTIES

2. Luke Nguyen is a former student of the University of St. Augustine for Health Sciences. Luke Nguyen is a citizen of Florida. Luke Nguyen has been diagnosed with Generalized Anxiety Disorder (GAD) and ADHD, which substantially interferes with his ability to learn in a traditional manner.

3. University of St. Augustine for Health Sciences ("USA") is a private graduate school with multiple campuses, including one located in St. Augustine, Florida. Although a private institution, USA receives federal funds. As such, USA is subject to Title III of the American with Disabilities Act and Section 504 of the Rehabilitation Act.

## JURISDICTION & VENUE

4. This action arises under the laws of the United States, and therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question).

5. This action arises under the following federal statutes: The Americans with Disabilities Act of 1990 (ADA), Pub.L. No. 101-336, 104 Stat. 327 (1990), 42 U.S.C. §§ 12101 et seq., amended by the Americans with Disabilities Amendments Act (ADA-AA) with an effective date of January 1, 2009, which, at Title III of the ADA, prohibits discrimination in the provision of public services. Section 202 of the Act, 42 U.S.C. §12132 (Supp.1991), the Rehabilitation Act of 1973, §§504 and 505, as amended, 29 U.S.C.A. §§794 and 794a, including the conforming amendment of the ADA-AA which changes the definition of "disability" under §504 to conform to the definition of "disability" under ADA-AA. Both the ADA and §504 prohibit retaliation against persons with disabilities.

6. In accordance with 28 U.S.C. § 1367, this Court also has supplemental over Plaintiff's state law claims for negligence, breach of contract, and defamation because these claims are related to the federal question claims listed above and the state law claims are part of the same controversy as the federal claims.

7. This action is properly venued in the Jacksonville Division of the Middle District of Florida because USA and the defendant is located within the division and a significant portion of the events occurred within the division.

## Factual Allegations

8. University of St. Augustine for Health Sciences ("USA") is a private graduate school with multiple campuses, including one located in St. Augustine, Florida. USA offers numerous graduate level programs related to medicine.

9. USA offers a Flex Doctor of Physical Therapy Program (Flex DPT), which is marketed as a program catering to students wishing to study Physical Therapy while maintaining a schedule permissive of outside employment. At all times relevant to this proceeding, Dr. Debra L. Gray was the Manager of the Flex DPT program.

10. Luke Nguyen (Mr. Nguyen) began attending USA in the fall of 2016 as a participant in the Flex DPT program.

11. Until the fall semester of 2018, Mr. Nguyen had never failed any class or exam while enrolled in the Flex DPT program. Furthermore, at all times during Mr. Nguyen's enrollment, in the Flex DPT program, his cumulative GPA was above a 3.0.

12. In the fall semester of 2018 Mr. Nguyen was enrolled in a class Musculoskeletal II: Mock Clinic (Mock Clinic) taught by Dr. Margaret Wicinski. This class featured a two-part final exam, consisting of a practical examination, followed by a documentation exercise. The practical examination portion required students to achieve an 80% competency level including a 100% competence in safety

requirement in order to pass. The documentation portion required students to achieve an 80% competency level in order to pass. Students were required to pass both portions, or they would fail the class entirely.

13. The USA student handbooks states that students can be dismissed if they fail any class. Therefore, failing any part of the Mock Clinic final, can potentially lead to dismissal from the Flex-DPT program.

14. On or about November 30th, 2018, Mr. Nguyen suffered a mental breakdown. This event required Mr. Nguyen to undergo psychiatric and primary care physician evaluation. Mr. Nguyen has since been diagnosed with Generalized Anxiety Disorder (GAD) and ADHD. Immediately after this breakdown, Mr. Nguyen informed both Dr. Wicinski and Dr. Gray about his situation. Mr. Nguyen provided Dr. Wicinski with documentation of his visit to his primary care physician and psychiatrist.

15. On December 6th, 2018, Mr. Nguyen reached out to Dr. Wicinski again via email to inform her that he had suffered another panic attack the night before. This email further states that Mr. Nguyen's psychiatrist recommended he "explore the option of time and a half for examination in the future". Dr. Wicinski never responded to this email. However, the next day, December 7th 2018, Dr. Wicinski informed Mr. Nguyen that he was scheduled to take both parts of his Mock Clinic final exam on December 8th 2018. The recommendations of Mr. Nguyen's

psychiatrist were not followed, and no accommodations were put in place for this exam.

16. The only correspondence Mr. Nguyen was able to have with any staff member of the university regarding a disability accommodation request was a phone call and email exchange with Ryan Davis, the coordinator for disability services for USA. Mr. Davis was based out of Texas, and is the only person hired by USA handle disability requests.

17. Mr. Davis provided phone instructions to Mr. Nguyen that were extremely vague to Mr. Nguyen. On December 11th, 2018, Mr. Nguyen sent an email to Mr. Davis stating that he had not been provided with student disability documentation despite being assured by Mr. Davis that it would be emailed to him. The email goes on to request clarification from Mr. Davis regarding instructions he had given with regards to appealing Mr. Nguyen's Midterm grade. In his response, Mr. Davis provided Mr. Nguyen with a disability accommodation request form but did not respond to any of Mr. Nguyen's substantive inquiries.

18. Mr. Nguyen was not able to pass his Mock Clinic final exam because of onset of his GA and ADHD disability. This resulted in his failing the entire Mock Clinic course. On December 21st, 2018, Mr. Nguyen received an email from USA, stating that Mr. Nguyen had been dismissed from the Flex DPT program on basis of his failing the Mock Clinic course.

19. According to the USA student handbook, students are entitled to a retake of a failed practical examination. Students are required to contact their professor within one to two business days of failing their practical examination. Despite following this procedure after failing his Mock Clinic final exam, Mr. Nguyen was never offered the opportunity to retake his exam.

20. After attempting to appeal his dismissal, Mr. Nguyen received a notice from USA informing him that his appeal had been denied. The notice states that Mr. Nguyen's appeal had been denied "based on concerns regarding [Mr. Nguyen's] academic performance, professional behaviors, and academic integrity. USA placed these allegations into Mr. Nguyen's student portfolio which makes them freely accessible by any educational institution that Mr. Nguyen may wish to apply to in the future.

**FIRST CAUSE OF ACTION**
**Violation Title III ADA**

21. Plaintiff incorporates the preceding Background (¶¶ 1), Parties (¶¶ 2-3), Jurisdiction and Venue (¶¶ 4-7), and Factual Allegations (¶¶ 8-20) sections as if fully set forth herein.

22. Plaintiff suffers from a disability as a result of being diagnosed with ADHD and GAD.

23. Plaintiff has a serious medical need, ADHD & GAD, and is a "qualified individual with a disability" as defined in 42 U.S.C. §12131(2).

24. The ADA and its implementing regulations require that alternative services and modifications be made to qualified individuals with a disability.

25. At all times after November 30th, 2018, Defendant was fully aware of Plaintiff's disability.

26. Plaintiff was not provided reasonable accommodations for his documented disability.

27. As a result of Defendants' failure to implement reasonable accommodations to Plaintiff, Defendants violated the ADA by discriminating against Plaintiff in several ways, including without limitation, the following:

   a) Failing to recognize that Plaintiff had a disability due to ADHD and GAD.

   b) Failing to enable Plaintiff to file a reasonable accommodation request in a timely manner.

   c) Failing to provide a disability accommodation coordinator for the St. Augustine campus of USA.

   d) Failing to provide Plaintiff with accommodations after learning of Plaintiff's disability.

  e) Denying Plaintiff the equal/same opportunity to receive an education as those without a disability.

28. Defendants have discriminated against Plaintiff by failing to provide a full and equal opportunity to enjoy the services Defendants provide, as per 42 U.S.C. §§ 12182, 12183(a)(1).

29. Defendants' inobservance of the law is ongoing and continuous, requiring declaratory and injunctive relief appropriate employing 42 U.S.C. § 12182, as well as Fed. R. Civ. P. 57, and 28 U.S.C. § 2201.

30. As a direct and proximate result of Defendants' unlawful discrimination and refusal to provide reasonable accommodations, Plaintiff has sustained and continues to sustain injuries and damages.

## SECOND CAUSE OF ACTION
## Violation section 504 of the Rehabilitation Act

31. Plaintiff incorporates the preceding Background (¶¶ 1), Parties (¶¶ 2-3), Jurisdiction and Venue (¶¶ 4-7), and Factual Allegations (¶¶ 8-20) sections as if fully set forth herein.

32. Section 504 of the Rehabilitation Act, 29 U.S.C § 794, bars all federally funded entities (governmental or otherwise) from discriminating based on disability. Section 504 states, in relevant part:

> No otherwise qualified individual with a disability in the United States ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).

33. Defendant USA receives federal financial assistance and is covered by Section 504.

34. Plaintiff has two disabilities, ADHD and GAD, which interfere with his ability to learn. Learning is a major life activity. Thus, ADHD and GAD limit at least one of Plaintiff's major life activities.

35. Because ADHD and GAD substantially limits at least one of Plaintiff's major life activities Plaintiff is an individual with a disability under the Rehabilitation Act.

36. Plaintiff had a demonstrated history of success as a student until the resurgence of his ADHD and GAD in the fall of 2018.

37. The Rehabilitation Act and its implementing regulations require that Defendants administer programs/activities in the most integrated setting appropriate to the needs of qualified handicapped/disabled persons. 28 C.F.R. § 41.51 and 45 C.F.R § 84.4.

38.     Plaintiff has been denied and excluded from the benefits of Defendants' educational program because Defendants have failed to make reasonable accommodations that meet Plaintiff's needs.

39.     As a result of Defendants' exclusion of Plaintiff from receiving reasonable accommodations commensurate with his ADHD and GAD, Defendants violated the Rehabilitation Act by discriminating against Plaintiff in several ways, including without limitation, the following:

    a) Failing to recognize that Plaintiff had a disability due to ADHD and GAD.

    b) Failing to provide a disability accommodation coordinator for the St. Augustine campus of USA.

    c) Failing to enable Plaintiff to file a reasonable accommodation request in a timely manner.

    d) Failing to provide Plaintiff with accommodations after learning of Plaintiff's disability.

    e) Denying Plaintiff the equal/same opportunity to receive an education as a medical student as those without a disability.

40. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has sustained and will continue to sustain injuries and damages.

## THIRD CAUSE OF ACTION
## Breach of contract

41. Plaintiff incorporates the preceding Background (¶¶ 1), Parties (¶¶ 2-3), Jurisdiction and Venue (¶¶ 4-7), and Factual Allegations (¶¶ 8-20) sections as if fully set forth herein.

42. Plaintiff and Defendant USA entered into a contract by which Defendant offered admission to USA to Plaintiff and for which Plaintiff accepted USA's offer and attended USA.

43. There was a mutual exchange of consideration by which Plaintiff attended the university involving payments and expenditure of time and USA made its services available to Plaintiff including educational opportunities.

44. As part of the contract was the existence of policies set forth USA. As a condition of attending USA, Plaintiff and USA were both expected to be bound by those policies. Included within those policies were policies concerning disability services. These policies were part of the bargain between Plaintiff and USA. Without agreeing to abide by those policies, Plaintiff would not have been permitted to attend USA.

45. Defendant USA breached the contract as discussed more fully within this complaint by not properly providing Plaintiff with services related to his disability.

46. Defendant USA committed a further breach of contract by failing to allow Plaintiff to retake his final exam despite being entitled to a retake.

47. As a result of Defendant USA's breach of the contract, Plaintiff has been damaged in that he has been forced to expend significant time and resources appealing his dismissal from USA despite not having been provided the services for his disability that USA was required to provide under federal law and the contracted for policies of USA. Plaintiff's  Plaintiff is further saddled with substantial debt to USA through student loans.

48. Furthermore, Plaintiff's ability to attend a different school has been impaired by USA's breach of contract.

## FOURTH CAUSE OF ACTION
### Negligence

49. Plaintiff incorporates the preceding Background (¶¶ 1), Parties (¶¶ 2-3), Jurisdiction and Venue (¶¶ 4-7), and Factual Allegations (¶¶ 8-20) sections as if fully set forth herein.

50. Defendants breached their duty of reasonable care by negligently acting or omitting to act in such a way that resulted in Plaintiff's wrongful dismissal from

USA, which these Defendants knew or should have known posed a substantial risk of harm to Plaintiff.

51. Defendants were negligent in performing their duties and failed, neglected and/or refused to properly and fully discharge their responsibilities by, among other things:

    a) Failing to recognize Plaintiff's need for accommodations for his learning disability.

    b) Failing to properly review Plaintiff's needs for accommodations for his learning disability.

    c) Failing to provide a disability accommodation coordinator for the St. Augustine campus of USA.

    d) Failing to provide Plaintiff with proper accommodations for his learning disability.

    e) Creating and/or sanctioning policies, patterns, practices, and customs of not properly providing reasonable accommodations to those with learning disabilities.

    f) Failing to adequately train and supervise USA personnel to properly evaluate and provide reasonable accommodations to those with learning disabilities.

52. By their negligent conduct, the Defendants have inflicted extreme and severe emotional distress on Plaintiff, who is confronted with an inability to complete his education, practice his chosen profession, earn a living, provide for his family, and to pay his mounting student loan debts. He has therefore suffered direct financial losses due to Defendants' aforementioned conduct.

53. As a result of Defendants' conduct, Plaintiff has suffered a worsening of his GAD symptoms which has affected his mental and physical wellbeing as well as his interpersonal relationships. Plaintiff sees a therapist and is being treated for these symptoms. He is required to pay for these services.

54. The growing emotional, psychological, and physical distress that the Plaintiff has suffered was caused directly and proximately by the Defendants' negligent conduct. Furthermore, Plaintiff suffers and continues to suffer financial losses due to Defendants' negligent conduct.

**FIFTH CAUSE OF ACTION**
**Defamation**

55. Plaintiff incorporates the preceding Background (¶¶ 1), Parties (¶¶ 2-3), Jurisdiction and Venue (¶¶ 4-7), and Factual Allegations (¶¶ 8-20) sections as if fully set forth herein.

56. In their January 14th, 2019 letter to Plaintiff, Defendant falsely stated that Plaintiff had violated USA policies regarding "professional behaviors and

academic integrity".  Defendant has offered no evidence for these contentions, nor were these concerns ever raised by Defendant before this letter.

57. These allegations have been incorporated by Defendant into Plaintiff's student portfolio.  The contents of Plaintiff's student portfolio are accessible by other educational programs.

58. Plaintiff was dismissed from an online finance program through Harvard University based on the allegations in Plaintiff's student portfolio.  Plaintiff continues to face difficulty in obtaining further educational opportunities because of the false allegations made by Defendant in Plaintiff's student portfolio

59. The inability of Plaintiff to pursue further education has damaged Plaintiff's ability to earn a living and has contributed significantly to his worsening GAD symptoms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant them relief as follows:

(1) Compensatory damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress;

(2) Punitive damages against the defendant;

(3) Attorneys' fees;

(4) Costs of the suit;

(5) Injunctive relief; and

(6) Such other relief as the Court may deem proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues stated in this action.

Respectfully Submitted,

*[signature]*

Dated: February 19, 2021

_____
ROOK ELIZABETH RINGER, ESQ.
Florida Bar No. 1015698
LENTO LAW GROUP, P.A.
222 San Marco Ave., Suite "C"
St. Augustine, FL 32084
904.602.9400 x 467 (Office)
904.299.5400 (Fax)
reringer@lentolawgroup.com

Keith Altman (*pro hac vice to be applied for*)
LENTO LAW GROUP. P.A.
222 San Marco Ave., Suite "C"
St. Augustine, FL 32084
904-602-9400 - P
904-299-5400 – F
Kaltman@lentolawgroup.com
*Attorneys for Plaintiff*

Joseph D. Lento, Esquire (*pro hac vice to be applied for*)
LENTO LAW GROUP. P.A.
222 San Marco Ave., Suite "C"
St. Augustine, FL 32084
904-602-9400 - P
904-299-5400 – F
Jdlento@lentolawgroup.com