UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUKE NGUYEN,

    Plaintiff,

v.                                    Case No.: 3:21-cv-00173-MMH-MCR

UNIVERSITY OF ST. AUGUSTINE
FOR HEALTH SCIENCES, LLC,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, University of St. Augustine for Health Sciences, LLC ("USA"), responds to the allegations contained in Plaintiff's Complaint for Violations of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Breach of Contract, Negligence, Defamation ("Complaint") filed by Plaintiff, Luke Nguyen, as follows:

### BACKGROUND

1. Denied.

### PARTIES

2. Denied.

3. USA admits that it is a private university and is subject to the requirements of Title III of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, but denies the remaining allegations contained in paragraph 3.

## JURISDICTION AND VENUE

4. Admitted for jurisdictional purposes only.

5. The Americans with Disabilities Act and Section 504 of the Rehabilitation Act speak for themselves; therefore, denied.

6. Denied.

7. Admitted for jurisdictional purposes only.

## FACTUAL ALLEGATIONS

8. Denied.

9. USA admits that it offers a Flex Doctor of Physical Therapy Program (Flex DPT), but denies the remaining allegations contained in paragraph 9.

10. Denied.

11. Denied.

12. Denied.

13. USA's Student Handbook speaks for itself; therefore, denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## **FIRST CAUSE OF ACTION – VIOLATION OF TITLE III ADA**

21. USA repeats and realleges its responses to the allegations contained in paragraphs 1 through 20 as if fully restated herein.

22. Denied.

23. Denied.

24. The Americans with Disabilities Act and its implementing regulations speak for themselves; therefore, denied.

25. Denied.

26. Denied.

27. Denied, including all subparts.

28. Denied.

29. Denied.

30. Denied.

## SECOND CAUSE OF ACTION – VIOLATION SECTION 504 OF THE REHABILITATION ACT

31. USA repeats and realleges its responses to the allegations contained in paragraphs 1 through 20 as if fully restated herein.

32. Section 504 of the Rehabilitation Act speaks for itself; therefore, denied.

33. USA admits that it is subject to the requirements of Section 504 of the Rehabilitation Act, but otherwise denies the allegations contained in paragraph 33.

34. Denied.

35. Denied.

36. Denied.

37. The Rehabilitation Act and its implementing regulations speak for themselves; therefore, denied.

38. Denied.

39. Denied, including all subparts.

40. Denied.

## THIRD CAUSE OF ACTION – BREACH OF CONTRACT

41. USA repeats and realleges its responses to the allegations contained in paragraphs 1 through 20 as if fully restated herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## FOURTH CAUSE OF ACTION – NEGLIGENCE

49. USA repeats and realleges its responses to the allegations contained in paragraphs 1 through 20 as if fully restated herein.

50. Denied.

51. Denied, including all subparts.

52. Denied.

53. Denied.

54. Denied.

## FIFTH CAUSE OF ACTION – DEFAMATION

55. USA repeats and realleges its responses to the allegations contained in paragraphs 1 through 20 as if fully restated herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

USA denies all other allegations, including all allegations contained in any wherefore clause or prayer for relief, that are not otherwise expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Plaintiff has failed to state a claim on which relief may be granted. Plaintiff's claims for discrimination under Title III of the Americans with Disabilities Act or Section 504 of the Rehabilitation Act of 1973 should be dismissed because Plaintiff fails to adequately allege that he is qualified and further failed to seek reasonable accommodations.

2. Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Plaintiff has failed to state a claim on which relief may be granted. Plaintiff's claims for retaliation under Title III of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973 should be dismissed because Plaintiff fails to sufficiently allege causation.

3. Plaintiff is not a qualified individual as required by Title III of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

4. Plaintiff failed to seek reasonable accommodations as required by Title III of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

5. Every action taken by the USA regarding Plaintiff was for legitimate and non-discriminatory reasons wholly unrelated to Plaintiff's alleged disabilities.

6. USA would have taken the same actions with regard to Plaintiff irrespective of any disabilities.

7. USA's actions are not the direct and/or proximate cause of any injury that Plaintiff alleges to have suffered because Plaintiff was dismissed for non-discriminatory reasons.

8. At all times material hereto, USA acted in good faith and with reasonable grounds for believing that it was not violating the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, or any other state or federal law.

9. Plaintiff's damages are barred or reduced to the extent Plaintiff has failed to mitigate his damages.

10. USA is entitled to a setoff from any damages that may be awarded in this case based upon any and all payments or benefits paid or otherwise available to Plaintiff from any collateral sources.

11. To the extent Plaintiff claims to have suffered any mental anguish and/or emotional distress, Plaintiff is not entitled to damages for any such injuries, as any such injuries stem from causes and conditions unrelated to the actions of the USA and/or its agents.

12. Plaintiff is not entitled to compensatory damages under the Rehabilitation Act of 1973 or Title III of the Americans with Disabilities Act because any alleged discrimination by USA was not intentional.

13. Plaintiff is not entitled to punitive damages under the Rehabilitation Act of 1973, Title III of the Americans with Disabilities Act, or in his breach of contract claim because such damages are not recoverable.

14. To the extent a contractual relationship exists between Plaintiff and USA, any such contract is implied-in-fact and is generally derived from the school's publications at the time of enrollment.

15. USA fully performed the implied-in-fact contract between the USA and Plaintiff as stated in the publications.

16. Plaintiff's claims are barred, in whole or in part, by his own material breach of the contract between USA and Plaintiff, including failure to comply with terms, conditions, policies, and procedures published by USA.

17. USA's actions in dismissing Plaintiff were not arbitrary, capricious, or conscience shocking and the decision was based on careful and deliberate consideration when USA exercised its professional judgment.

18. Plaintiff's claim for injunctive relief is barred as there has been no irreparable harm and Plaintiff has an adequate remedy at law.

19. There is no basis in contract, statute, or otherwise for recovery of attorney's fees with respect to Counts III, IV, or V. Such claims should be stricken from the Complaint as to those counts.

20. There is no basis for recovery of mental anguish, pain and suffering, emotional distress, or any other such damages with respect to Count III. Such claims should be stricken from the Complaint as to that count.

21. Plaintiff has failed to state a claim for negligence in Count IV because Plaintiff failed to adequately allege that USA owed a duty of care and any alleged duty of care stems from the contractual relationship between the parties and is not independent from Plaintiff's breach of contract claim.

22. There is no basis for recovery of mental anguish, pain and suffering, emotional distress or any other such damages with respect to Count IV because Plaintiff has failed to allege any physical injury from an impact. Such claims should be stricken from the Complaint as to that count.

23. Plaintiff's alleged injury was the result of Plaintiff's own negligence or lack of care, and therefore any recovery by Plaintiff should be barred or proportionately reduced according to Florida's doctrine of comparative negligence and section 768.81, Florida Statutes.

24. Plaintiff fails to state a cause of action in Count V because Plaintiff fails to allege that USA made any defamatory statement.

25. Plaintiff's claim for defamation in Count V is not actionable to the extent that Plaintiff's claims are based upon statements of pure opinion and/or truth.

26. Any alleged dismissal from subsequent educational programs was not due to the actions of the USA but was instead a result of Plaintiff's own conduct and/or untruthfulness.

27. Any alleged defamatory statements are protected by qualified privilege and Plaintiff has failed to adequately plead express malice. Plaintiff's claim for defamation in Count V is barred by USA's qualified privilege.

28. USA has retained the undersigned attorneys and has agreed to pay them a reasonable fee. Pursuant to 42 U.S.C. § 12205 and section 794a(b) of the Rehabilitation Act, Plaintiff is responsible for payment of same with respect to Counts I and II of the Complaint.

Dated this 31st day of March, 2021.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT P.A.

By: /s/ Kelly DeGance
Kelly DeGance
Florida Bar No. 0606022
E-mail: kelly.degance@adblegal.com
Mark Alexander
Florida Bar No. 434078

E-mail: mark.alexander@adblegal.com
Chandler Jolly
Florida Bar No. 1018597
E-mail: chandler.jolly@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204
(904) 345-3277 Telephone
(904) 345-3294 Facsimile
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will serve the document electronically by email to the following: Rook Elizabeth Ringer, Keith Altman, and Joseph D. Lento, Lento Law Group, P.A., 222 San Marco Avenue, St. Augustine, FL 32084 (reringer@lentolawgroup.com, kaltman@lentolawgroup.com, jdlento@lentolawgroup.com).

_____
ATTORNEY