UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUKE NGUYEN,

      Plaintiff,

v.                              Case No.: 3:21-cv-00173-MMH-MCR

UNIVERSITY OF ST. AUGUSTINE
FOR HEALTH SCIENCES, LLC,

      Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION REQUESTING EMERGENCY CONTINUANCE**

Defendant University of St. Augustine for Health Sciences, LLC ("USA" or "Defendant") files this response in opposition to Plaintiff's Motion Requesting Emergency Continuance (Doc. 36) ("Motion").  As an initial matter, Plaintiff failed to confer with Defendant pursuant to Local Rule 3.01(g) prior to filing his Motion and he failed to include a legal memorandum, as required by Local Rule 3.01(a).  For these reasons alone, Plaintiff's Motion should be denied.  From a substantive standpoint, while Defendant does not object to the extension of the August 16, 2021 deadline for the parties to serve Rule 26 Initial Disclosures, Defendant vigorously objects to a stay of the case or to an indefinite extension of the remaining case management deadlines.

## BACKGROUND

On February 19, 2021, Plaintiff filed a Complaint and Demand for Damages.[1] On March 31, 2021, Defendant filed its Answer and Affirmative Defenses.[2]  On May 18, 2021, this Court issued an Order to Show Cause directing the parties to show cause as to why the case should not be dismissed for lack of prosecution, or sanctions imposed for failure to file a Case Management Report.[3]  As set forth in the Defendant's Response to the Order to Show Cause, the deadlines were missed despite Defendant's attempts to coordinate a case management conference with counsel of record for Plaintiff.[4]  Counsel for Plaintiff stated that the deadline was missed because local counsel and counsel for Plaintiff terminated their relationship.[5]

On June 29, 2021, this Court granted counsel for Plaintiff's Motion for Admission Pro Hac Vice.[6]  The parties filed a Case Management Report on July 16, 2021, which set forth deadlines agreed upon by the parties.[7]  On July 20, 2021, this Court issued a Case Management and Scheduling Order and Referral to Mediation ("Case Management Order"), adopting virtually all of the deadlines proposed by the parties.[8]  While the deadline for the parties' mandatory initial disclosures is approaching on August 16, 2021, the next deadline is seven (7) months away – in

---

[1] (Doc. 1) Plaintiff's Complaint for Violations of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Breach of Contract, Negligence, Defamation.
[2] (Doc. 12) Defendant's Answer and Affirmative Defenses.
[3] (Doc. 15) Order to Show Cause.
[4] (Doc. 17) Defendant's Response to Order to Show Case.
[5] (Doc. 20) Plaintiff's Response to Order to Show Cause.
[6] (Doc. 26) Endorsed Order Granting Motion for Admission of Attorney Pro Hac Vice.
[7] (Doc. 29) Uniform Case Management Report.
[8] (Doc. 31) Case Management and Scheduling Order and Referral to Mediation (hereinafter "CMO")

February 2022.[9]  The discovery deadline is May 2022 and the trial in this matter is set for November 2022.[10]

On August 11, 2021, Plaintiff filed a Motion Requesting Emergency Continuance ("Motion").[11]  Plaintiff's Motion was filed in response to the Court's third Order to Show Cause for Plaintiff missing deadlines in this case.[12]  In his Motion, Plaintiff appears to request an indefinite stay or continuance of all the deadlines in this case due to counsel's "ongoing serious medical problems which recently required hospitalization."  Counsel for Plaintiff, however, does not provide any information as to the seriousness, or the expected duration, of his medical problems.  Further, counsel for Defendant has not been provided with any information that would allow Defendant to assess Plaintiff's request, as counsel for Plaintiff failed to confer with counsel for Defendant as required by Local Rule 3.01(g) prior to filing the Motion.

## MEMORANDUM OF LAW

### A. Plaintiff fails to establish clear and substantial reason to grant a stay of the case

In his Motion, Plaintiff appears to be requesting a stay of this litigation for an indefinite amount of time due to his recent hospitalization and "serious medical problems."[13]  Courts inherently have broad discretion to stay proceedings pending before them.  *Coach Inc. Visitors Flea Mkt., LLC Coach Inc. v. Visitors Plaza, Inc*, No.

---

[9] (Doc. 31) CMO at 1-2.
[10] (Doc. 31) CMO at 2.
[11] (Doc. 36) Plaintiff's Motion Requesting Emergency Continuance (hereinafter "Motion").
[12] *See* (Doc. 15); (Doc. 25); (Doc. 33).
[13] (Doc. 36) Motion at 1.

611CV1905ORL19GJK, 2013 WL 12158114, at *1 (M.D. Fla. Sept. 24, 2013). "The impact on judicial economy, the risk of irreparable harm to any party, and whether there is a clear and substantial reason to grant a stay, all are appropriate considerations in resolving a request for stay." *Id.* The Court must base its determination "on the facts produced." *Quest NetTech Corp. v. Tropical Smoothie Franchise Dev. Corp.*, No. 8:11-CV-02102-EAK, 2012 WL 5503533, at *2 (M.D. Fla. Nov. 13, 2012); *see also Tri-City Elec. Contractors, Inc. v. Suitt Const.*, No. 94-176-CIV-FTM-17, 1994 WL 652761, at *3 (M.D. Fla. Nov. 16, 1994). Moreover, the Court should view Plaintiff's Motion in the light most favorable to Defendant, the non-moving party. *Coach, Inc. v. Visitors Flea Mkt., LLC*, No. 611CV1905ORL22TBS, 2014 WL 12621562, at *1 (M.D. Fla. Jan. 9, 2014).

Here, Plaintiff has not met his burden of providing a "clear and substantial reason" to grant a stay. Plaintiff has failed to set forth any information regarding counsel's medical conditions, its expected duration, or the reasons that counsel is unable to comply with deadlines set seven (7) months into the future. For this reason, Plaintiff's Motion should be denied. *See Coach Inc.*, 2013 WL 12158114, at *2 (denying request for stay where the requesting party failed to establish "a clear and substantial reason" to stay the entire action for 120 days).

Moreover, in viewing the Motion in the light most favorable to Defendant, Defendant would be irreparably harmed if the Court granted an indefinite stay of this litigation. As outlined in more detail below, damages will continue to accrue in the case, causing irreparable harm to Defendant in the event Plaintiff ultimately prevails

on his claims.  Defendant will additionally suffer harm because the protracted litigation that will occur with an indefinite stay will necessarily increase Defendant's litigation costs.  Finally, as time passes, memories fade, it is more likely that witnesses will no longer be available, and evidence becomes stale.

### B. Plaintiff fails to establish good cause for an indefinite extension of the case management deadlines

To the extent Plaintiff seeks an extension of the case management deadlines, Rule 6(b) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires."  Fed. R. Civ. P. 6(b)(1)(A).  In addition, "Rule 16(b) of the Federal Rules of Civil Procedure gives the district court the authority to set a scheduling order limiting the time to complete discovery." *Hurry Family Revocable Tr. v. Frankel*, No. 8:18-CV-2869-T-33CPT, 2020 WL 211072, at *2 (M.D. Fla. Jan. 14, 2020).  "The timetable established by the Case Management and Scheduling Order is binding upon the parties." *Payne v. Ryder Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997).

"Once entered, [Case Management and Scheduling Orders] control the subsequent course of the action, and may be modified only for good cause and with the judge's consent."  *Hurry Family*, 2020 WL 211072 at *2.  "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline."  *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010).  "The Scheduling Order is not a frivolous

piece of paper, idly entered, that may be cavalierly disregarded by . . . counsel." *U.S. v. Capital Constr.*, No. 204CV360FTM33SPC, 2006 WL 8438808, at *2 (M.D. Fla. Feb. 14, 2006). A failure to comply with the court's scheduling order resulting from lack of diligence on the part of the moving party means the good cause standard has not been met. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

Counsel for Plaintiff does not provide any information as to the seriousness of, or the expected duration of, his medical problems. Counsel for Defendant is sympathetic to counsel for Plaintiff's health concerns, but Defendant and this Court are unable to determine the appropriateness of Plaintiff's request. *See Hart v. Zimmerman Holdings Group, Inc.*, 313 F.R.D. 671, 673 (S.D. Fla. 2016) (the timing of counsel for Plaintiff's diagnosis of health issues was relevant to the good cause inquiry). Indeed, while counsel for Plaintiff's current health issues may be good cause to extend the parties' August 16, 2021 deadline to serve Rule 26 Initial Disclosures, counsel for Plaintiff has not established good cause to extend all of the case management deadlines, especially for an indefinite period. This is because the remaining case management deadlines are set months into the future; specifically, the deadline for disclosing expert reports is February/March 2022, the discovery deadline is May 9, 2022, the dispositive motion deadline is June 10, 2022, the mediation deadline is September 2022, and the trial term begins November 7, 2022.[14] This is particularly true because, presumably, local counsel, Michael Gibson, and the other lawyers in Mr. Gibson's firm will be able to assist counsel for Plaintiff in

---

[14] (Doc. 31) CMO at 1-2.

litigating this matter should he need it.

The trial is currently set to occur eighteen (18) months after the filing of this lawsuit, and if the Court extends the case management deadlines, Defendant will be prejudiced. First, counsel for Defendant has a heavy litigation schedule and, as part of the case management conference, counsel for Defendant worked with counsel for Plaintiff to determine agreed upon deadlines based on counsels' respective calendars and made litigation decisions in this case and other cases based on the current case management deadlines. Moreover, during the case management process, defense counsel also coordinated the proposed dates with USA's corporate representative and potential witnesses. The purpose of a case management conference is for the parties to mutually agree upon proposed dates for the Court's consideration but counsel for Plaintiff is now asking the Court for an indefinite continuance, which is essentially a stay of the case.

Perhaps most concerning, however, is that the damages in this case continue to accrue and, to the extent Plaintiff is able to withstand summary judgment and prevail on his claims, an indefinite delay of the trial will cause an indefinite amount of additional damages to unnecessarily accrue. For all of these reasons, Plaintiff has failed to show good cause for his request and an indefinite delay in the case would substantially prejudice Defendant.

## CONCLUSION

Based on the foregoing, Defendant, University of St. Augustine for Health Sciences, LLC, requests this Court deny Plaintiff's request to stay this litigation and/or extend all of the case management deadlines in this case.

Dated this __13th__ day of August 2021.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT P.A.

By: _____
Kelly DeGance
Florida Bar No. 0606022
E-mail: kelly.degance@adblegal.com
Mark Alexander
Florida Bar No. 434078
E-mail: mark.alexander@adblegal.com
Samantha Giudici Berdecia
Florida Bar No. 0058667
E-mail: samantha.giudici@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204
(904) 345-3277 Telephone
(904) 345-3294 Facsimile
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will serve the document electronically by email to the following: Keith Altman, The Law Office of Keith Altman, 33228 West 12 Mile Road, Suite 375, Farmington Hills, MI 48331 (keithaltman@kaltmanlaw.com) and Michael T. Gibson, 2420 Lakemont Ave., #150, Orlando Florida 32814 (michael@gibsonjustice.com).

_____
ATTORNEY