UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUKE NGUYEN,

    Plaintiff,

v.                                              Case No.: 3:21-cv-00173-MMH-MCR

UNIVERSITY OF ST. AUGUSTINE
FOR HEALTH SCIENCES, LLC,

    Defendant.
_____/

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERTS

Pursuant to Rule 37(c)(1), Federal Rules of Civil Procedure, Defendant University of St. Augustine for Health Sciences, LLC ("USA" or "Defendant") files this Motion to Strike Plaintiff's Experts ("Motion"). USA requests the Court enter an Order striking Plaintiff's expert disclosures and prohibiting Plaintiff's expert witnesses from testifying at trial because Plaintiff failed to comply with the requirements of Rule 26, Federal Rules of Civil Procedure. In support of its Motion, USA states:

### BACKGROUND

On February 19, 2021, Plaintiff filed a Complaint and Demand for Damages.[1] On March 31, 2021, Defendant filed its Answer and Affirmative Defenses.[2] On August 27, 2021, this Court entered an Amended Case Management and Scheduling

---

[1] (Doc. 1) Plaintiff's Complaint for Violations of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Breach of Contract, Negligence, Defamation.
[2] (Doc. 12) Defendant's Answer and Affirmative Defenses.

{00405521 2 }                                    1

Order and Referral to Mediation which set the following deadlines with regard to the parties' expert disclosures:

- Plaintiff's deadline for disclosing experts, April 14, 2022;
- Defendant's deadline for disclosing experts, May 13, 2022;
- Deadline for disclosing rebuttal experts, June 14, 2022.[3]

Plaintiff served his expert disclosures on April 18, 2022 ("Expert Disclosures") – four (4) days after the expert disclosure deadline.[4] Plaintiff's Expert Disclosures identify three experts and contain the following information: (1) the name, address, and telephone number of the expert witness and (2) a single sentence following the witness identification stating "[h]as knowledge of Plaintiff's psychological diagnoses and treatment plans."[5] All of the experts identified by Plaintiff appear to be medical professionals.

Further, in his response to Defendant's First Set of Interrogatories, Interrogatory No 7, in which USA requested damages information and calculations, Plaintiff stated, "[s]ee Exhibit A, attached document "Damages Calculation" to show expected income with degree with assistance from expert, R. Christopher Jones, Ph.D."[6] However, Plaintiff failed to identify R. Christopher Jones ("Jones") in his Expert Disclosures, despite indicating in his interrogatory responses that Plaintiff intended to call Jones as an expert witness with

---

[3] (Doc. 41) Amended Case Management and Scheduling Order and Referral to Mediation at 1.
[4] Exhibit A, April 18, 2022 email to S. Giudici from L. Crusselle.
[5] Exhibit B, Plaintiff's Expert Disclosures.
[6] Exhibit C, Plaintiff's Response to Defendant's First Set of Interrogatories at Interrogatory No. 7.

regard to damages.[7] Moreover, although stating "See Exhibit A" in his interrogatory response, Plaintiff failed to produce any documents with his interrogatory responses despite USA requesting its production on February 11, 2022 and again on May 6, 2022.[8] Then, during Plaintiff's deposition on May 19, 2022, counsel for Plaintiff disclosed that the referenced report was produced with the documents responsive to Defendant's First Request for Production and further indicated the Plaintiff intended to call Jones as an expert. In fact, when asked about his damages, Plaintiff testified that he would "defer" to the opinions of Jones.

Because Plaintiff failed to comply with the disclosure requirements of Rule 26, his expert disclosures should be stricken, and Plaintiff's expert witnesses should be precluded from testifying at trial.

## MEMORANDUM OF LAW

Rule 26(a)(2) requires that a party must disclose the identity of expert witnesses and either (1) provide a written report, prepared and signed by the expert witness, or (2) disclose the subject matter on which the witness is expected to present evidence and provide a summary of facts and opinion to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(B-C). Based on Plaintiff's responses to Defendant's First Set of Interrogatories, it appears that Dr. Jennifer Davis and Dr. Lori Vallelunga were Plaintiff's treating physicians; however, Dr. Gregory Rose has not been disclosed as an individual who treated Plaintiff in either Plaintiff's

---

[7] Exhibit C, Plaintiff's Response to Defendant's First Set of Interrogatories at Interrogatory No. 7.
[8] Exhibit D (Composite), February 11, 2022 letter to K. Altman from S. Giudici and May 6, 2022 email to K. Altman from S. Giudici.

{00405521 2 }    3

interrogatory responses or his Rule 26 disclosures.[9] "A treating physician may testify as either a lay witness or an expert witness; however, in order to testify as an expert witness, the physician must provide the required disclosures under Rule 26(a)(2)(B) or Rule 26(a)(2)(C)." *Bostick v. State Farm Mut. Auto. Ins. Co.*, No. 8:16-CV-1400-T-33AAS, 2017 WL 2869967, at *1 (M.D. Fla. July 5, 2017). While it is true that treating physicians are often only required to satisfy the lower standard of Rule 26(a)(2)(C), a treating physician testifying as an expert witness is still required to disclose "a summary of the facts and opinions to which the witness is expected to testify." *See Rodriguez v. Walmart Stores E., L.P.*, No. 2:20-CV-474-SPC-NPM, 2021 WL 4750087, at *3-4 (M.D. Fla. Oct. 12, 2021), *reconsideration denied*, No. 2:20-CV-474-SPC-NPM, 2021 WL 5505378 (M.D. Fla. Nov. 24, 2021).

Here, Plaintiff has failed to provide any information as to facts and opinions to which the medical expert witnesses are expected to testify. The only information provided by Plaintiff is that the witnesses "[have] knowledge of Plaintiff's psychological diagnoses and treatment plans."[10] Plaintiff fails to articulate the actual diagnosis of Plaintiff or the treatment plans that were suggested and/or implemented. Plaintiff's expert disclosures provide USA with no notice as to what the witnesses' opinions are or what facts the witnesses are expected to testify to. *See Perez v. United States*, No. 8:20-CV-769-SPF, 2021 WL 3371498, at *4 (M.D. Fla. Aug. 3, 2021) (stating that "[a]lthough [p]laintiff's summary of facts and opinions to

---

[9] Exhibit C, Plaintiff's Response to Defendant's First Set of Interrogatories at Interrogatory No. 9.
[10] Exhibit B, Plaintiff's Expert Disclosures.

which [the expert witness] is expected to testify falls short of ideal, it is sufficient to notify [d]efendant of [the doctor's] October 2, 2019 opinion and his stated basis for forming the opinion.")

With regard to Dr. Gregory Rose ("Rose"), because he has not previously been disclosed as a treating physician, USA presumes that Rose was retained or specially employed to provide expert testimony in this case, thereby requiring an expert report to accompany Plaintiff's expert disclosures. *See* Fed. R. Civ. P. 26(a)(2)(B). However, Plaintiff failed to produce an expert report in conjunction with his Expert Disclosures. Because of this, USA has no knowledge regarding the opinions to which Rose intends to testify. Accordingly, USA requests this Court strike Plaintiff's Expert Disclosures and prohibit the testimony of Plaintiff's medical experts at trial.

USA further requests this Court exclude Plaintiff from offering any form of expert testimony about damages. While Plaintiff indicated in his interrogatory responses he had an expert witness, Jones, assist in calculating his damages, Plaintiff failed to identify or disclose any information regarding Jones in Plaintiff's Expert Disclosure. Plaintiff further failed to provide Defendant with a copy of the expert report that included all of the information required by Rule 26(a)(2)(B). As of the date of this Motion, Plaintiff's deadline for disclosing expert witnesses was over six (6) weeks ago. Therefore, any subsequent disclosures of Jones as an expert would occur after the deadline set forth in the Court's Case Management Order. For these reasons, Plaintiff should not be permitted to offer the testimony of Jones as an expert

for the purposes of Plaintiff's damages calculations. *See Rodriguez*, 2021 WL 4750087 at *4 ("[R]etained or not, expert witness opinions must be formally disclosed . . . .")

As a result of Plaintiff's failure to comply with the expert disclosure requirements, USA is prejudiced because it does not have enough information to determine whether it is necessary for USA to engage its own expert witness to rebut those of Plaintiff. Moreover, Defendant's deadline for disclosing experts has now passed. For these reasons, Plaintiff's expert witnesses should be stricken, and the Court should prohibit the witnesses from testifying at trial.

## CONCLUSION

Based on the foregoing, Defendant, University of St. Augustine for Health Sciences, LLC, requests this Court strike Plaintiff's experts for Plaintiff's failure to comply with the expert disclosure requirements of Rule 26. In the alternative, Defendant requests this Court extend Defendant's expert disclosure deadline until 30-days after Plaintiff has served expert disclosures in compliance with the Federal Rules of Civil Procedure.

Dated this 3rd day of June 2022.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT P.A.

By: _____
Kelly DeGance
Florida Bar No. 0606022
E-mail: kelly.degance@adblegal.com
Mark Alexander
Florida Bar No. 434078
E-mail: mark.alexander@adblegal.com
Samantha Giudici Berdecia
Florida Bar No. 0058667
E-mail: samantha.giudici@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204
(904) 345-3277 Telephone
(904) 345-3294 Facsimile
*Attorneys for Defendant*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, the undersigned counsel for USA conferred with Plaintiff's counsel via email regarding the issues addressed in this Motion and counsel for Plaintiff indicated that Plaintiff opposes the requested relief.

_____
ATTORNEY

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will serve the document electronically by email to the following: Keith Altman and Kimberly Dodson, The Law Office of Keith Altman, 33228 West 12 Mile Road, Suite 375, Farmington Hills, MI 48331 (keithaltman@kaltmanlaw.com) (KimberlyDodson@kaltmanlaw.com).

ATTORNEY