# EXHIBIT D



ALEXANDER | DEGANCE | BARNETT

Kelly DeGance<br>
(904) 345-3276<br>
kelly.degance@adblegal.com

February 11, 2022

**VIA ELECTRONIC MAIL**
Keith Altman
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Email: keithaltman@kaltmanlaw.com

Re:     Nguyen v. University of St. Augustine

Dear Keith,

On or about December 13, 2021, we received Plaintiff's discovery responses. We are writing to address deficiencies in Plaintiff's Rule 26 Initial Disclosures and Plaintiff's responses to Interrogatory Nos. 2, 7, 11, and 16. We are also writing to address deficiencies in Plaintiff's responses to Defendants' First Request for Production and Plaintiff's document production.

As an initial matter, Plaintiff's Rule 26(a)(1) Initial Disclosures, served on August 17, 2021, fail to comply with the requirements of Rule 26, Federal Rules of Civil Procedure. Rule 26(a)(1)(A)(iii) requires that the disclosing party provide "a computation of each category of damages claimed by the disclosing party." Plaintiff has failed to include the damages sought by Plaintiff and further failed to set forth any computation of Plaintiff's damages. A plaintiff is required to provide more than just categories of damages but must also disclose the damages amounts and the computation for making that determination. *See Shock v. Aerospace Integration Corp.*, No. 3:08CV304/RV/EMT, 2009 WL 595923, at *5 (N.D. Fla. Mar. 6, 2009). Indeed, "[a]lthough the exact amount of damages may not be known, the disclosing party must make a good faith estimate of damages and methods of calculations based on the information available at this stage of the litigation while reserving the right to amend his calculation." *E-Prof'l Techs. LLC v. Primehealth of Illinois, Inc.*, No. 8:20-CV-338-T-24SPF, 2020 WL 3962223, at *2 (M.D. Fla. July 13, 2020). The fact that the actual amount of damages will be determined by a jury does not excuse Plaintiff from these requirements as Rule 26 dictates that "[a] party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E). Please immediately serve amended Rule 26 disclosures that include a calculation of Plaintiff's damages.

**Interrogatory Responses**

In response to Interrogatory No. 2, Plaintiff identified ten (10) individuals who have knowledge or information regarding the facts alleged in Plaintiff's Complaint but failed to describe the respective knowledge or information of each person identified. Please amend Plaintiff's response to Interrogatory No. 2 to include a description of the knowledge of each witness as requested.

February 11, 2022
Page 2

In response to Interrogatory No. 7, Plaintiff states "See Exhibit A, attached document 'Damages Calculation' to show expected income with degree with assistance from expert, R. Christopher Jones, Ph.D." Notwithstanding Plaintiff's response, no documents were produced with Plaintiff's interrogatory responses, and it does not appear any such document was produced in response to Defendant's First Request for Production. Please immediately produce the document referenced in response to Interrogatory No. 7 or identify, by Bates Number, where the referenced document can be located if it has been otherwise produced.

Interrogatory No. 11 requests information regarding Plaintiff's employment following his dismissal from USA. The interrogatory further requests that Plaintiff provide information regarding any employment, including job duties and responsibilities and compensation. Plaintiff responded that he "is a small business owner doing online sales." This response is insufficient. Please supplement Plaintiff's response to Interrogatory No. 11 to include information regarding the type of online sales performed by Plaintiff and any compensation Plaintiff has received via his "small business."

Interrogatory No. 16 asks Plaintiff to identify each act or omission that Plaintiff contends is a breach of contract, including a citation or reference to any written provision of the contract that Plaintiff contends was breached. Plaintiff responded, "Student handbook" and "Class Syllabus." This answer is non-responsive, and is entirely deficient, as it fails to identify any alleged act or omission and fails to provide information regarding what specific section of the "student handbook" or "class syllabus" was allegedly breached. Please immediately supplement Interrogatory No. 16 to provide the information requested.

**Requests for Production**

Plaintiff's Objections and Responses to Defendant's First Set of Requests for Production of Documents contain eight (8) separate "general objections." " General objections to discovery requests as a whole are not proper." *Zamperla, Inc. v. I.E. Park SrL*, No. 613CV1807ORL37KRS, 2014 WL 12614505, at *3 (M.D. Fla. Nov. 3, 2014). Indeed, "[s]o-called 'generalized objections' are inadequate and tantamount to not making any objection at all." *Miner, Ltd v. Keck*, No. 619CV722ORL41TBS, 2019 WL 2869063, at *1 (M.D. Fla. July 3, 2019). Similarly, virtually all of Plaintiff's responses contain the following boilerplate objection: "Plaintiff objects to this document request as overly broad, unduly burdensome, cumulative, duplicative, and harassing." Note that the Middle District Discovery Handbook states, "Boilerplate objections such as 'the request is overly broad, unduly burdensome, and outside the scope of permissible discovery' are insufficient without a full, fair explanation particular to the facts of the case. Moreover, Courts in this circuit routinely reject and overrule such boilerplate objections. *See Miner, Ltd v. Keck*, No. 619CV722ORL41TBS, 2019 WL 2869063, at *2 (M.D. Fla. July 3, 2019). Accordingly, we ask that you withdraw, in writing, all the foregoing objections and produce any documents that may have been withheld pursuant to the same.

In response to Request Nos. 1, 2, 6-27, 33-34, 36-38, and 40 Plaintiff states, "Please refer to documents already produced along with Plaintiff's Rule 26(a)(1) Initial Disclosures." However, Plaintiff did not serve any documents with Plaintiff's Initial Disclosures. Indeed, on August 17, 2021, Defendants received an e-mail from Eva Skoczylas, Director of Administration, containing one (1) attachment. The attachment was a four (4) page document entitled Plaintiff's Rule 26(a)(1) Initial Disclosures. No other documents, electronic or otherwise, accompanied the email. As of the date of this letter, the only documents received by Defendant from Plaintiff were produced on December 14, 2021, Bates Nos. KAL000001-KAL000385. Similarly, in response to Request No. 25, Plaintiff references Exhibit A to his interrogatory responses. However, Plaintiff's interrogatory responses did not include an "Exhibit A." Please immediately produce the additional documents referenced by Plaintiff.

With regard to the documents produced by Plaintiff, Rule 34 requires parties to "produce documents as they are kept in the usual course of business or . . . organize and label them to correspond to the categories in the

{00401628 1 }

February 11, 2022
Page 3

request." Plaintiff has failed to do so and "it is Plaintiff's – not Defendant's – obligation to arrange and organize the documents into a reasonably usable format." *Delotta v. S. Broward Hosp. Dist.*, No. 19-CV-62905, 2021 WL 6134784, at *3 (S.D. Fla. Jan. 22, 2021); *McMillan v. Dep't of Corr.*, No. 5:13-CV-292-WS-GRJ, 2014 WL 12639343, at *4 (N.D. Fla. Apr. 28, 2014). Moreover, many of Plaintiff's responses state "[a]dditionally, any responsive documents in Plaintiff's possession are being produced herein" but it is impossible to determine whether Plaintiff actually produced documents responsive to many of Defendant's requests. Accordingly, please supplement Plaintiff's Objections and Responses to Defendant's First Set of Request for Production of Documents to include references to the Bates Number of the documents responsive to each request.

Request No. 28 seeks documents relating to compensation received from Plaintiff from any source since January 1, 2018. Request No. 35 seeks documents related to Plaintiff's alleged dismissal from Harvard University. In response to the foregoing, Plaintiff states that he "will produce the requested documents." Plaintiff has failed to do so. Please immediately produce the requested documents.

Request No. 31 seeks applications submitted by Plaintiff to any program of higher learning from December 1, 2018 to present. Request No. 32 seeks communications with any institutions of higher learning from December 1, 2018 to present. In response, Plaintiff states he is "not in possession of any responses [sic] to this request." However, in response to Interrogatory No. 14, Plaintiff states that he attended Harvard University Extension School. It is difficult to imagine that Plaintiff failed to retain any of the requested information, considering allegations relating to his attendance in this program were specifically referenced in Plaintiff's Complaint. Plaintiff's responses to Request Nos. 31-32 are particularly troubling, as Plaintiff's response to Request No. 39, which seeks applications and communications with Harvard University and documents related to Plaintiff's dismissal, states that responsive documents were being produced. Notably, we are unable to locate any documents in the 385 pages produced by Plaintiff that are responsive to Request No. 39. Please confirm, in writing, that Plaintiff is not in possession, custody, or control of documents with regard to his admission to and/or attendance at Harvard University Extension School or, immediately, produce the requested information.

In addition to the discovery issues, enclosed please find an Authorization to Use and Disclose Protected Medical/Mental Health Information and a FERPA Consent to Release Student Information. Please have your client sign the enclosed forms and return them to our office.

We look forward to receiving the Medical Release, FERPA Consent Form, Plaintiff's supplemental responses to Defendant's First Request for Production, the requested responsive documents, and Plaintiff's supplemental interrogatory responses with a verification from Plaintiff, no later than February 25, 2022.

Finally, please consider this letter a request that Plaintiff supplement any other discovery responses as may be necessary. Please do not hesitate to give me a call if you would like to discuss.

Very truly yours,

Kelly DeGance

KD/sgb

{00401628 1 }

# Jessica Waters

| | |
|---|---|
| **From:** | Samantha Giudici |
| **Sent:** | Friday, May 6, 2022 9:42 AM |
| **To:** | Keith Altman |
| **Cc:** | Kelly DeGance; Lori Crusselle; Jessica Waters; Michelle Benvenuto; Kimberly Dodson |
| **Subject:** | USA/Nguyen - Discovery Deficiency Letter |
| **Attachments:** | USA-Nguyen - Executed Discovery Deficiency Letter with FERPA and HIPPA Authorization attached (00401631xBEBDB).pdf |

Mr. Altman,

We sent the attached discovery deficiency letter on February 11, 2022. While Plaintiff provided the requested FERPA and HIPPA authorizations, we have not received a response to the discovery deficiencies outlined in the letter or supplemental discovery responses. As you know, Plaintiff's deposition is currently scheduled for Thursday, May 19, 2022. We will need to move to compel the information if we do not receive it on or before Wednesday, May 11, 2022. In the event we are required to file a Motion to Compel, it is unlikely we will be able to move forward with Plaintiff's deposition as scheduled.

Please provide the supplemental discovery responses and documents requested in our letter no later than May 11, 2022.

Thanks,

Samantha



**Samantha Giudici Berdecia**
**Partner**
Alexander DeGance Barnett
1500 Riverside Avenue | Jacksonville FL 32204
Phone 904.345.3281 | Fax 904.345.3294

1