## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**LUKE NGUYEN,**                                              **Case: 3:21-cv-00173**

        **Plaintiff,**

**v.**

**UNIVERSITY OF ST. AUGUSTINE**
**FOR HEALTH SCIENCES,**

        **Defendant.**

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERTS (49)

Comes now Plaintiff Luke Nguyen ("Plaintiff"), by and through the undersigned counsel, and hereby files this Response to Defendant's Motion to Strike Plaintiff's Experts (Doc. 49).  In support thereof, Plaintiff states as follows:

### I.      FACTUAL BACKGROUND

1.      On August 27, 2021, the Court entered an Amended Case Management and Scheduling Order and Referral to Mediation. (Doc. 41).  Plaintiff's deadline for disclosing experts was April 14, 2022. (Doc. 41).

2.      On Monday, April 18, 2022 (two business days), Plaintiff served Plaintiff's Expert Disclosures on Defendant.  (Plaintiff's Expert Disclosures and cover email are attached hereto as Exhibit A.)  Plaintiff apologized at the time of service of the disclosures for the untimeliness due to Plaintiff's counsel being ill.  Plaintiff's counsel had Covid at the time the disclosures were due.

1

3.      On June 3, 2022, Defendant filed a Motion to Strike Plaintiff's Experts (Doc.  49).

## II.      ARGUMENT

Defendant's move to strike Plaintiff's experts for failure to comply with Rule 26. The argument herein and supporting case law will show that Plaintiff did comply with Rule 26 with regard to expert disclosures and that the experts listed in Plaintiff's Expert Disclosures are treating physicians and all testimony that will be given by them will be based on their treatment of the Plaintiff and not from outside treatise, knowledge or information gained from the litigation of this case.

## A.      PLAINTIFF'S EXPERTS ARE TREATING PHYSICIANS.

Plaintiff's Expert Disclosures listed his treating physicians.  Inasmuch as, Plaintiff's experts are his treating physicians an expert report was not required under 26(a)(2)(B).  In the Expert Disclosures, Plaintiff for each expert witness name, contact information and stated the knowledge the treating physician/expert has as to Plaintiff's case as follows:  1. Jennifer Davis, D.O., Baptist Behavioral Health, 14540 Old St Augustine Road, Suite 2591, Jacksonville, FL 32258-7420, (904) 376-3800 - Has knowledge of Plaintiff's psychological diagnoses and treatment plans.  2. Gregory Rose, D.O., Baptist Behavioral Health, 14540 Old St Augustine Road, Suite 2591, Jacksonville, FL 32258-7420, (904) 376-3800 - Has knowledge of Plaintiff's psychological diagnoses and treatment plans.  3. Lori Vallelunga, PhD., Baptist Behavioral Health, 14540 Old St Augustine Road, Suite 2591, Jacksonville, FL 32258-7420, (904) 376-3800 - Has knowledge of Plaintiff's psychological diagnoses and treatment plans.  (Exhibit A.)

Plaintiff's treating physicians will testify as to their "own" opinions developed "during treatment" and not the opinions of another.  Furthermore, Plaintiff has not retained or specially employed Plaintiff's treating physicians as an expert.  Plaintiff's experts may testify as to matters within the scope of the treatment rendered by them based on what they learned treating the Plaintiff without producing an expert report to the Defendant. *See* Fed.R.Civ.P. 26(a)(2)(C).  The Florida Supreme Court has noted that "[t]estimony given by treating physicians blurs the boundary between fact testimony and expert testimony because treating physicians and expert medical witnesses both possesses scientific, technical, or otherwise specialized knowledge which informs their testimony." *Gutierrez*, 239 So. 3d 615 at 622 (*citing* Fla. Stat. § 90.702).  The court distinguished the two types of witnesses by noting "[w]hile an expert witness assists the jury to understand facts, a treating physician testifies as a fact witness 'concerning his or own medical performance on a particular occasion and is not opining about the medical performance of another.'" *Gutierrez,* 239 So. 3d 615 at 622 (*citing Fittipaldi USA, Inc. v. Castroneves*, 905 So. 2d 182, 186 (Fla. 3d DCA 2005).  Plaintiff's experts' testimony "involves testifying as to the treating physician's specialized medical knowledge as applied to other facts of the case, namely the plaintiff's symptoms." *Id*. at 622.  On the other hand, a treating physician is a fact witness and testifies to past facts based on personal knowledge.  "The treating physician's perception of the plaintiff's symptoms, their diagnostic opinion, and their recommendation of a particular treatment are all facts in issue." *Id.*  Thus, the main distinction the court draws between the two types of witnesses is that:

[a]n expert witness testifies with the benefit of hindsight, whereas a treating physician does not, [and] . . . . [t]reating physicians are limited to their medical opinions as they existed at the time they were treating the [patient], while an expert may help the trier of fact decide the case.

*Id.*

Rule 26(a)(2)(B) requires that expert witnesses who attorneys disclose must also provide a written report with the disclosure "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Plaintiff's experts were not retained or specifically employed to provide expert testimony nor to the treating physicians regularly give expert testimony.

Also, pursuant to Fla. Stat. § 90.705, the Plaintiff was not required to disclose the facts or data on which the Plaintiff's experts will testify.

Disclosure of facts or data underlying expert opinion.—

(1)   Unless otherwise required by the court, an expert may testify in terms of opinion or inferences and give reasons without prior disclosure of the underlying facts or data. On cross-examination the expert shall be required to specify the facts or data.

(2)   Prior to the witness giving the opinion, a party against whom the opinion or inference is offered may conduct a voir dire examination of the witness directed to the underlying facts or data for the witness's opinion. If the party establishes prima facie evidence that the expert does not have a

4

sufficient basis for the opinion, the opinions and inferences of the expert are inadmissible unless the party offering the testimony establishes the underlying facts or data.

*Id.*

As stated herein below, the Plaintiff has produced a medical authorization and medical records which provided Plaintiff's diagnoses and treatments. Therefore, a summary of the facts and opinions to which the witness is expected to testify can be determined based on treating physicians' own notes, diagnoses, and treatment plans.

B.   DEFENDANT HAD FULL ACCESS TO EXPERT AND PLAINTIFF'S MEDICAL RECORDS

The Defendant is privy to Plaintiff's medical records, specifically, the records of Plaintiff's intended experts. Defendant has had amble opportunity to depose Plaintiff's treating physicians.

On August 17, 2021, Plaintiff served Defendant with Plaintiff's Initial Disclosures. Plaintiff stated that Plaintiff intends to use as evidence Plaintiff's medical records. (Plaintiff's Initial Disclosures at ¶7). On December 13, 2021, Plaintiff produced in response to Defendant's Request for Production medicals records, bates nos. 320 – 385. Those medicals records are the records of Plaintiff's treating physicians Plaintiff intends to call at trial.

On February 28, 2022, Plaintiff provided via email to the Defendant a fully executed medical authorization dated February 25, 2022, releasing "Protected Medical/Mental Health Information" ("Medical Authorization") from:  Stacie Lauro, M.D., Aristides

Sastre, M.D., Serge Vilvar, M.D., Jennifer Davis, M.D., Dorie Hanson, Melissa Mueller, Harry Williams, Ph.D., Lori Vallelunga, M.D. Psychiatrist, Baptist Behavioral Health, Baptist Primary Care, Baptist South, and Borland Groover, M.D.  It is important for the Court to note that the Defendant authored the Protected Medical/Mental Health Information and the FERPA.  Plaintiff did not object to the language or the scope of the release of the information.  Additionally, Plaintiff provided to the Defendant at their behest a FERPA Consent to Release Student Information releasing Plaintiff's student/admission records from Harvard University. (Medical Authorization, FERPA, and cover email are attached hereto collectively as Exhibit B).

Additionally, the Florida Supreme Court has noted that "[t]estimony given by treating physicians blurs the boundary between fact testimony and expert testimony because treating physicians and expert medical witnesses both possesses scientific, technical, or otherwise specialized knowledge which informs their testimony." *Gutierrez*, 239 So. 3d 615 at 622 (citing Fla. Stat. § 90.702).  The court distinguished the two types of witnesses by noting "[w]hile an expert witness assists the jury to understand facts, a treating physician testifies as a fact witness 'concerning his or own medical performance on a particular occasion and is not opining about the medical performance of another.'" *Gutierrez,* 239 So. 3d 615 at 622 (citing *Fittipaldi USA, Inc. v. Castroneves*, 905 So. 2d 182, 186 (Fla. 3d DCA 2005).  The experts testimony "involves testifying as to the treating physician's specialized medical knowledge as applied to other facts of the case, namely the plaintiff's symptoms." *Id.* at 622.  On the other hand, a treating physician is a fact witness and testifies to past facts based on personal knowledge.  "The treating

physician's perception of the plaintiff's symptoms, their diagnostic opinion, and their recommendation of a particular treatment are all facts in issue." *Id.* Thus, the main distinction the court draws between the two types of witnesses is that:

> [a]n expert witness testifies with the benefit of hindsight, whereas a treating physician does not, [and] . . . . [t]reating physicians are limited to their medical opinions as they existed at the time they were treating the [patient], while an expert may help the trier of fact decide the case.

*Id.*

We have produced medical authorization and medical records setting out the plaintiff's diagnosis and treatments. Therefore, a summary of the facts and opinions to which the witness is expected to testify can be determined based on treating physicians' own notes, diagnoses, and treatment plans. Plaintiff will be severely prejudiced if denied expert testimony by his treating physicians.

## C.   R. CHRISTOPHER JONES, Ph.D. IS NOT AN EXPERT FOR PLAINITIFF

Defendant is seeking to exclude R. Christopher Jones, Ph.D ("Jones") as an expert. Plaintiff purposefully did not list ("Jones") in Plaintiff's Expert Disclosures because Plaintiff does not intend to call him as an expert irrespective of what the Plaintiff stated in his Responses to Defendant's Interrogatories, Responses to Defendant's Request for Production of Documents and deposition testimony. Therefore, the Defendant's objection to Jones testifying as an expert is moot.

III.      CONCLUSION

Based on the foregoing arguments that Plaintiff's experts are Plaintiff's treating physicians, Plaintiff's Initial Disclosures, Plaintiff's Expert Disclosure and the cited case law, and Fla. Stat. § 90.705, Plaintiff respectfully requests that this Court enter an Order denying Defendant's Motion to Strike Plaintiff's Experts and for and all relief for which the Plaintiff is entitled.

Respectfully submitted this the 17th day of June, 2022.

LAW OFFICES OF KEITH ALTMAN, PLLC

*/s/ Kimberly R. Dodson*
Kimberly R. Dodson
*kimberlydodson@kaltmanlaw.com*
Keith Altman
*keithaltman@kaltmanlaw.com*
33228 West 12 Mile Road - Suite 375
Farmington Hills, Michigan 48331
(248) 987-8929

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via ECF/Electronic filing to all counsel of record on this 17th day of June, 2022.

*/s/ Kimberly R. Dodson*
Of Counsel

# EXHIBIT A

| From: | Lori Crusselle |
|---|---|
| To: | Samantha Giudici |
| Cc: | Kelly DeGance; Keith Altman; Michelle Benvenuto; Branden Gulla; Mark Alexander |
| Subject: | Re: Nguyen v. University of St. Augustine- Meet and Confer |
| Date: | Monday, April 18, 2022 10:11:37 AM |
| Attachments: | image001.png |
| | 2022_04_18_Plaintiff Expert Disclosures_fv.pdf |

Attached please find Plaintiff's Disclosure of Expert Witnesses.  We apologize for the delay.  Mr. Altman has been ill.



**Lori Crusselle**
Director of Litigation / Senior Litigation Paralegal
**Direct Phone:** (470) 502-2567
**Firm Phone:** (248) 987-8929
http://www.kaltmanlaw.com



HOME | K Altman Law
www.kaltmanlaw.com

*This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom addressed. This message is intended only to be seen by those named. If you have received this email in error, please notify the sender immediately. If you are not the intended recipient, please note that disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited.*

**From:** Lori Crusselle <loricrusselle@kaltmanlaw.com>
**Sent:** Thursday, April 14, 2022 6:53 AM
**To:** Samantha Giudici <samantha.giudici@adblegal.com>
**Cc:** Kelly DeGance <kelly.degance@adblegal.com>; Keith Altman <keithaltman@kaltmanlaw.com>; Michelle Benvenuto <michellebenvenuto@kaltmanlaw.com>; Jill Fultz <JillFultz@kaltmanlaw.com>; Branden Gulla <brandengulla@kaltmanlaw.com>; Mark Alexander <mark.alexander@adblegal.com>; Kimberly Dodson <KimberlyDodson@kaltmanlaw.com>
**Subject:** Re: Nguyen v. University of St. Augustine- Meet and Confer

Good Morning Samantha,

I apologize for the delay in getting back with you.  Mr. Kirkland is no longer employed with by our office.

Attorney Kimberly Dodson of our firm has taken over handing of this case, and will reach out to you soon concerning Defendant's discovery responses.

Thank you.



**Lori Crusselle**
Director of Litigation / Senior Litigation Paralegal
**Direct Phone:** (470) 502-2567
**Firm Phone:** (248) 987-8929
http://www.kaltmanlaw.com

HOME | K Altman Law



*This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom addressed. This message is intended only to be seen by those named. If you have received this email in error, please notify the sender immediately. If you are not the intended recipient, please note that disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited.*

**From:** Samantha Giudici <samantha.giudici@adblegal.com>
**Sent:** Wednesday, April 13, 2022 8:00 AM
**To:** Jonathan Kirkland <jonathankirkland@kaltmanlaw.com>
**Cc:** Kelly DeGance <kelly.degance@adblegal.com>; Keith Altman <keithaltman@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Michelle Benvenuto <michellebenvenuto@kaltmanlaw.com>; Jill Fultz <JillFultz@kaltmanlaw.com>; Branden Gulla <brandengulla@kaltmanlaw.com>; Mark Alexander <mark.alexander@adblegal.com>
**Subject:** Re: Nguyen v. University of St. Augustine- Meet and Confer

Jon,

I had an unexpected conflict come up today and need to reschedule our discovery call. Are you available tomorrow between 11:00 am and 2:00 pm? I'm also available on Monday if that is better.

Thanks,

Samantha

Sent from my iPhone

> On Apr 7, 2022, at 2:32 PM, Jonathan Kirkland <jonathankirkland@kaltmanlaw.com> wrote:

> Hi Kelly

> When is a good time next week to talk regarding your client's discovery responses? I'm flexible most days after 11 am EST.

> Thanks,
> Jon



**Jonathan Kirkland**
Attorney
**Direct Phone:** (947) 947-0023
**Firm Phone:** (248) 987-8929
http://www.kaltmanlaw.com

*This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom addressed. This message is intended only to be seen by those named. If you have received this email in error, please notify the sender immediately. If you are not the intended recipient, please note that disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited.*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LUKE NGUYEN,

     *Plaintiff,*                      Case No. 3:21-cv-173-MMH-MCR

v.

UNIVERSITY  OF  ST.  AUGUSTINE
FOR HEALTH SCIENCES,

     *Defendant.*

---

## <u>PLAINTIFF'S EXPERT DISCLOSURES</u>

Comes now Plaintiff Luke Nguyen, by and through his attorneys, Keith Altman and the Law Office of Keith Altman, and submits his expert disclosures, pursuant to Fed. R. Civ. P. 26(a)(2):

1.  Jennifer Davis, D.O., Baptist Behavioral Health, 14540 Old St Augustine Road, Suite 2591, Jacksonville, FL 32258-7420, (904) 376-3800.

    Has knowledge of Plaintiff's psychological diagnoses and treatment plans.

2.  Gregory Rose, D.O., Baptist Behavioral Health, 14540 Old St Augustine Road, Suite 2591, Jacksonville, FL 32258-7420, (904) 376-3800.

    Has knowledge of Plaintiff's psychological diagnoses and treatment plans.

3.  Lori Vallelunga, PhD., Baptist Behavioral Health, 14540 Old St Augustine Road, Suite 2591, Jacksonville, FL 32258-7420, (904) 376-3800.

    Has knowledge of Plaintiff's psychological diagnoses and treatment plans.

                      Respectfully submitted,

*/s/ Keith Altman*
Keith Altman
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
516-456-5885
keithaltman@kaltmanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2022, I served the foregoing document on all Defendants of record *via* e-mail.

/s/ *Keith Altman*
Keith Altman
*Attorney for Plaintiff*

# EXHIBIT B

| From: | Lori Crusselle |
| To: | Kelly DeGance; Samantha Giudici; Jessica Waters |
| Cc: | Toni Renee Vierra; Keith Altman |
| Subject: | Fw: Nguyen v. University of St. Augustine for Health Sciences, LLC. |
| Date: | Monday, February 28, 2022 7:42:04 AM |
| Attachments: | 2022_02_25_Nguyen_Luke_Signed_Authorizations.pdf |

We apologize for the delay in responding to your meet and confer letter dated February 11, 2022.  Mr. Altman has been out of the office traveling and in hearings.

We will respond as quickly as possible.  In the meantime, attached please find our client's signed authorizations.

Thank you.



**LORI CRUSSELLE**
SENIOR LITIGATION PARALEGAL

(248) 987-8929  Email: loricrusselle@kaltmanlaw.com Web: www.kaltmanlaw.com

*This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom addressed. This message contains confidential information and is intended only for those named. If you have received this email in error, please notify the sender immediately. If you are not the intended recipient, please note that disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited.*

**From:** Jessica Waters <jessica.waters@adblegal.com>
**Sent:** Friday, February 11, 2022 10:39 AM
**To:** Keith Altman <keithaltman@kaltmanlaw.com>
**Cc:** Kelly DeGance <kelly.degance@adblegal.com>; Samantha Giudici <samantha.giudici@adblegal.com>
**Subject:** Nguyen v. University of St. Augustine for Health Sciences, LLC.

Good morning,

 Please see the attached from Kelly DeGance.

Thank you,

Jessica



**Jessica Waters**
**Paralegal**
**Alexander DeGance Barnett**
1500 Riverside Avenue | Jacksonville FL 32204

Phone 904.345.3292 | Fax 904.345.3294
jessica.waters@adblegal.com | www.adblegal.com

## AUTHORIZATION TO USE AND DISCLOSE
## PROTECTED MEDICAL/MENTAL HEALTH INFORMATION

Client/Patient Name: **Luke Nguyen**

██████████

Date of Birth: ____████████ ██████████

Social Security No. ___████████

I, **Luke Nguyen** ("Patient" or "Client"), hereby allow the following **MEDICAL FACILITIES, HOSPITALS, PHYSICIANS, CLINICS, LABS, INSURANCE SOURCES, AND OTHER PROVIDERS** (together "Records Holders") to give my medical and mental health information to the law firm of **Alexander DeGance Barnett P.A.** ("Law Firm"). This includes all of the information listed in Exhibit "A" and any documents or notes, typed or handwritten, made by any health care provider, benefits provider, Records Holder, or their agents, (together called "Information and Notes") about me.

- **Stacie Lauro, M.D.**
  3923 W Leona Street
  Tampa, Florida 33629
- **Aristides Sastre, M.D.**
  13720 Old Saint Augustine Road
  Suite1
  Jacksonville, Florida 32258
- **Serge Vilvar, M.D.**
  4160 University Blvd South
  Jacksonville, Florida, 32216
- **Jennifer Davis, M.D.**
  14540 Old Saint Augustine Road
  Medical Office Bldg. 2
  Jacksonville Florida 32258
- **Dorie Hanson**
  836 Prudential Drive, Pavilion Bldg.
  Suite 1506
  Jacksonville, Florida 32207
- **Melissa Mueller, Licensed Counselor**

- **Harry Williams, Ph.D.**
  2380 Third Street South #2
  Jacksonville Beach, Florida
- **Lori Vallelunga, M.D. Psychiatrist**
  800 Prudential Drive
  Jacksonville, Florida 32207
- **Baptist Behavioral Health**
  800 Prudential Drive
  Jacksonville, Florida 32207
- **Baptist Primary Care**
  13720 Old St. Augustine Road
  Suite 1
  Jacksonville, Florida 32258
- **Baptist South**
  14540 Old Saint Augustine Road
  Jacksonville Florida 32258
- **Borland Groover, M.D.**
  4800 Belfort Road 3rd Floor,
  Jacksonville Florida 32256

I know that anyone at the Law Firm or anyone working with the Law Firm may use or give out the Information or Notes. The Information or Notes will be used for legal matters handled by the Law Firm. The Information or Notes may be used in a lawsuit, and if so, will become public record. The Information or Notes may be disclosed to consultants and experts hired by the Law Firm.

I know that the Information or Notes may also contain other very private information about, for example, my reproductive history (including any sexual transmitted diseases I may have had), any past surgeries or procedures I have had, or substance abuse information. I allow the sharing of this information with the Law Firm. I give up and waive any protections under Federal and State Laws.

I understand that if the Information or Notes are given out as allowed in this form, Federal privacy laws will not protect them.

I understand that this form authorizes the use of the Information or Notes for two (2) years from the date of my authorization or until the Law Firm settles or receives a final ruling by a court if a lawsuit is filed regarding my injuries, whichever date is longer. If I change my mind before this authorization expires

and do not want the Law Firm to receive any more information from my Records Holders, I can revoke this form at any time by sending a letter to:

| | |
|---|---|
| Law Firm: | **Alexander DeGance Barnett, P.A.** |
| Attn: | **Kelly DeGance, Samantha Giudici Berdecia** |
| Address: | **1500 Riverside Avenue, Jacksonville, FL 32204** |

I know that even if I send a letter revoking this form, it will not change or void any actions my Records Holders or the Law Firm took before the letter was received.

I know that signing this form is voluntary. I acknowledge that I have had adequate time to read and consider the implications of the authorizations in this form. If I do not sign this form, it will not affect how my health care providers treat me or my enrollment in a health plan.

**I AGREE THAT A COPY OF THIS FORM MAY BE TREATED AS A SIGNED ORIGINAL.**

_____          2 / 25 / 22
Name                                                             Date

If this form is not signed by the Client, please provide the following:

_____ N/A _____
Legal representative's name

_____ N/A _____
Authority to sign on behalf of the Client

ACKNOWLEDGMENT

STATE OF FL _____
COUNTY OF Duval _____

The foregoing instrument was executed and acknowledged before me this 25 day of February, 2022, by Luke Nguyen, who is personally known to me or has produced FL DL as Identification.

(SEAL)

_____
Notary Public – State of Florida
Commission Number: GG 961235

WILLIAM A. ANTHONY
Notary Public, State of Florida
Commission# GG 961235
My comm. expires Feb. 23, 2024

**EXHIBIT "A"**

Patient Name: **Luke Nguyen**

Date of Birth: _____
Social Security No. _____

Your file, both counseling and billing, including any and all documents, records and papers pertaining to the treatment, examination and diagnosis of the above-referenced client, **including but not limited to:**

1. The Patient's complete medical file, including medical records, medical reports, office records, doctors' and nurses' notes, orders, summaries, charts, consultation reports, notes, test results, emergency room records, radiology records, medication records, insurance claims, videotapes, Worker's Compensation claims, disability claim forms, client history questionnaires, correspondence, handwritten and typewritten Information or Notes, memoranda, counseling records/reports, hospital admission records, out-patient records, prescriptions, rehabilitation records, pathology reports, therapy records (physical therapy, occupational therapy, speech therapy, etc.), discharge reports, operative reports, electronic documents and all other data or records regarding the Patient's treatment, care and/or medical condition kept or reviewed by the Records Holder or the Records Holder's providers.

2. All X-rays; MRIs; CAT scans; films; lab tests; laboratory reports, including but not limited to, blood work, specimen analysis or urinalysis, x-rays, tomograms, thermograms, or other radiological or diagnostic procedures, polygraph results or reports; and any other written reports or studies taken by, reviewed by the Records Holder or in the Records Holder's possession.

3. Client information forms, questionnaires, and medical and psychiatric or psychological histories;

4. Psychiatric and/or psychological records, including psychosocial assessments, psychological reports, therapy notes, chart notes, office notes, referrals, and medical reports;

5. Inpatient hospital or treatment facility records including, but not limited to, admission forms, history and physical, discharge summary, doctors' orders, progress notes, nurses' notes, laboratory reports, radiology reports, consultations, progress notes, and any other notes, records or documents concerning any and all admissions of the client to any part of your facility or any treatment provided to the client in any part of your facility for physical or mental ailments, including substance abuse;

6. Outpatient hospital or treatment facility records including, but not limited to, registration forms, history and physical, laboratory reports, radiology reports, physician's reports, procedure reports, chart notes, and any other notes, records or documents concerning any and all treatment provided to the client in any part of your facility for physical or mental ailments, including substance abuse;

7. All clinical or hospital abstracts.

8. Information regarding any medications prescribed.

**BILLING:**

1. Claim forms, including workers' compensation, medical payments, insurance or disability;

2. Computer printout or statement card showing all charges by you for services rendered, payments made by the client or someone else on the client's behalf, any write-offs made by your office, and/or records reflecting amounts paid by insurance companies. If you have an outside billing service, forward to them a copy of this subpoena for compliance with the billing information;

3. Insurance information including, but not limited to, carrier, policy/group/identification number, contact person at the company, if available, and any other information concerning your dealings with insurance companies for this client.

**OTHER:**

1. Correspondence made or received by you or in your possession regarding the above-listed client, records of any telephone calls made to you or by you, or to your office, and all letters to attorneys, other physicians and insurance companies.

2. All reports and correspondence prepared by a provider or Records Holder for attorneys. All reports and correspondence given to a provider or Records Holder from an attorney. All correspondence received from the Patient's attorney(s).

3. Every written piece of paper included in the Patient's chart.

4. Notations on the file jacket or outside of the Patient's chart.

*NOTE: NOTARY ACKNOWLEDGEMENT CONTAINED ON PRECEDING PAGE.*

## FERPA CONSENT TO RELEASE STUDENT INFORMATION

TO: **Harvard Extension School, Harvard Division of Continuing Education**

Please provide information from the educational records of **Luke N_____ DOB:** ▆▆▆▆▆▆ **(Social Security No.** ▆▆▆▆▆▆ **)** to:

**Alexander DeGance Barnett, P.A.**
**1500 Riverside Avenue**
**Jacksonville, FL  32204**
**(904) 345-3277**
**Attn: Kelly DeGance; Samantha Giudici Berdecia**

The only type of information that is to be released under this consent is:
_____ transcript
_____ disciplinary records
_____ recommendations for employment or admission to other schools
__X__ all records
_____ other (specify) _____

The information is to be released for the following purpose:
____ family communications about university experience
____ employment
____ admission to an educational institution
__X__ other (specify) **Legal proceeding:** *Nguyen v. University of St. Augustine for Health Sciences, LLC*; **Case No. 3:21-cv-00173-MMH-MCR; United State District Court, Middle District of Florida, Jacksonville Division**

       I understand the information may be released orally or in the form of copies of written records, as preferred by the requester. I have a right to inspect any written records released pursuant to this Consent (except for parents' financial records and certain letters of recommendation for which the student waived inspection rights). I understand I may revoke this Consent upon providing written notice to the institution. I further understand that until this revocation is made, this consent shall remain in effect and my educational records will continue to be provided to Alexander DeGance Barnett, P.A. for the specific purpose described above.

Signature _____

Name (print) _____Luke Nguyen_____

Student ID Number _____

Date __2 / 25 / 22__

(Note: this Consent does not cover medical records held solely by Student Health Services or the Counseling Center.)

{00401308 1 }