UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUKE NGUYEN,

      Plaintiff,

v.                                                    CASE NO. 3:21-cv-173-MMH-MCR

UNIVERSITY OF ST. AUGUSTINE
FOR HEALTH SCIENCES, LLC,

      Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Strike Plaintiff's Experts ("Motion") (Doc. 49) and Plaintiff's Response thereto ("Response") (Doc. 51).   For the reasons stated herein, the Motion is due to be **DENIED without prejudice**.

### I.   Introduction

In the Motion, Defendant seeks an order, pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, striking Plaintiff's expert disclosures and prohibiting Plaintiff's expert witnesses from testifying at trial due to Plaintiff's failure to comply with the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure.   (Doc. 49 at 1.)   Plaintiff's expert disclosures, served on April 18, 2022,[1] list the following three experts:

---

[1] The deadline for disclosing Plaintiff's experts was April 14, 2022.   (*See* Doc.

1. Jennifer Davis, D.O., Baptist Behavioral Health, 14540 Old St. Augustine Road, Suite 2591, Jacksonville, FL 32258-7420, (904) 376-3800.

   Has knowledge of Plaintiff's psychological diagnoses and treatment plans.

2. Gregory Rose, D.O., Baptist Behavioral Health, 14540 Old St. Augustine Road, Suite 2591, Jacksonville, FL 32258-7420, (904) 376-3800.

   Has knowledge of Plaintiff's psychological diagnoses and treatment plans.

3. Lori Vallelunga, Ph.D., Baptist Behavioral Health, 14540 Old St. Augustine Road, Suite 2591, Jacksonville, FL 32258-7420, (904) 376-3800.

   Has knowledge of Plaintiff's psychological diagnoses and treatment plans.

(Docs. 49-1, 49-2.)   Defendant explains that "[b]ased on Plaintiff's responses to Defendant's First Set of Interrogatories, it appears that Dr. Jennifer Davis and Dr. Lori Vallelunga were Plaintiff's treating physicians; however, Dr. Gregory Rose has not been disclosed as an individual who treated Plaintiff in either Plaintiff's interrogatory responses or his Rule 26 disclosures."   (Doc. 49 at 3-4.)   Because Dr. Rose has not previously been disclosed as a treating physician, Defendant presumes that he "was retained or specially employed to provide expert testimony in this case, thereby requiring an expert report to accompany Plaintiff's expert disclosures" pursuant to Fed.R.Civ.P.

41.)

26(a)(2)(B), which Plaintiff has failed to produce.   (*Id.* at 5.)

Defendant argues that Plaintiff has failed to give Defendant "notice as to what the witnesses' opinions are or what facts the witnesses are expected to testify to."   (*Id.* at 4.)   Specifically, Plaintiff has failed to articulate the actual diagnoses and treatment plans that were suggested and/or implemented.   (*Id.*)   With respect to Dr. Rose, Defendant states that Plaintiff has failed to produce an expert report pursuant to Fed.R.Civ.P. 26(a)(2)(B).   (*Id.* at 5.)

Defendant also points out that while Plaintiff identified R. Christopher Jones, Ph.D. as a damages expert in response to Defendant's First Set of Interrogatories, Interrogatory No. 7, Plaintiff failed to identify Dr. Jones in his expert disclosures and to produce any documents with his interrogatory responses.   (Doc. 49 at 2-3; Doc. 49-3 at 14.)   Defendant asks that Plaintiff be precluded from offering Dr. Jones's testimony as a damages expert.   (Doc. 49 at 5-6.)

Defendant contends it has been prejudiced by Plaintiff's failure to comply with the expert disclosure requirements, because it does not have enough information to determine if it is necessary to engage its own expert witness to rebut Plaintiff's witnesses and because Defendant's deadline for disclosing experts passed on May 13, 2022.   (*Id.* at 6.)   Thus, Defendant asks the Court to strike Plaintiff's expert disclosures and prohibit Plaintiff's

expert witnesses from testifying at trial.   (*Id.*)   Alternatively, Defendant asks the Court to extend Defendant's expert disclosure deadline until 30 days after Plaintiff serves expert disclosures that comply with Fed.R.Civ.P. 26(a)(2).   (*Id.*)

Plaintiff responds that all experts listed in his expert disclosures are treating physicians who will testify as non-retained experts.   (Doc. 51 at 2-4.) Plaintiff argues that pursuant to Section 90.705, Fla. Stat., he is not required to disclose the underlying facts or data upon which his experts will testify.[2] (*Id.* at 4.)   Further, Plaintiff states that he has produced a medical authorization[3] and medical records with his diagnoses and treatment, and "a summary of the facts and opinions to which the witness[es] [are] expected to testify can be determined based on [the] treating physicians' own notes, diagnoses, and treatment plans," which are available to Defendant.   (*Id.* at 5.)   Plaintiff adds that Defendant has had ample opportunity to depose Plaintiff's treating physicians.   (*Id.*)   Plaintiff argues that he "will be severely prejudiced if denied expert testimony by his treating physicians." (*Id.* at 7.)

---

[2] Plaintiff fails to explain the applicability of Section 90.705, Fla. Stat., to this action, which is brought under several federal statutes, including the Americans with Disabilities Act.   (*See* Doc. 1.)

[3] The medical authorization does not seem to cover Dr. Rose's records.   (*See* Doc. 51 at 5-6, 17.)

As to Dr. Jones, Plaintiff states that he purposefully did not list him in his expert disclosures, because he does not intend to call Dr. Jones as an expert irrespective of Plaintiff's responses to Defendant's Interrogatories, Requests for Production of Documents, and deposition testimony.   (*Id.*)   As such, Plaintiff argues Defendant's objection to Dr. Jones's testimony as an expert is moot.   (*Id.*)

## II.   Discussion

"A treating physician may testify as either a lay witness or an expert witness; however, in order to testify as an expert witness, the physician must provide the required disclosures under either Rule 26(a)(2)(B) or Rule 26(a) (2)(C).   Typically, treating physicians are only required to satisfy the lower standard of Rule 26(a)(2)(C)."   *Leibson v. TJX Cos.*, No. 8:17-cv-1947-T-33 TGW, 2018 WL 3868708, *2 (M.D. Fla. Aug. 14, 2018) (internal citations and quotation marks omitted); *see also Carmody v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-830-Orl-37KRS, 2015 WL 12853077, *1 (M.D. Fla. Mar. 3, 2015) ("With respect to treating physicians, Rule 26(a)(2)(C) requires that the party intending to rely on the treating physician must [sic] disclose the subject matter on which the witness is expected to testify and the summary of facts and opinions about which the witness is expected to testify.")

Here, Plaintiff has designated at least two of his treating physicians as non-retained experts; thus, in his disclosures, he was required to provide: (i)

the subject matter on which the witnesses are expected to present evidence
under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the
facts and opinions to which the witnesses are expected to testify.
Fed.R.Civ.P. 26(a)(2)(C).   To the extent the experts may be expected to
provide an opinion derived from answering hypothetical questions unrelated
to their personal observations of the patient, a written report is required
pursuant to Rule 26(a)(2)(B), Fed.R.Civ.P.

Plaintiff's disclosures fall short of satisfying even the lower standard of
Rule 26(a)(2)(C), Fed.R.Civ.P., because they do not provide a summary of the
opinions to which the doctors are expected to testify.   Plaintiff's expert
disclosures simply state that the experts have "knowledge of Plaintiff's
psychological diagnoses and treatment plans."   (*See* Docs. 49-1, 49-2.)   This
statement is woefully insufficient to put Defendant on notice as to the
summary of the facts and opinions about which the witnesses are expected to
testify.[4]   *See, e.g.*, *Leibson*, 2018 WL 3868708 at *3 (stating that because
plaintiff "provided no summaries of the facts and opinions to which the
witnesses are expected to testify, as required by Rule 26(a)(2)(C)," plaintiff's

---

[4] The Court is not persuaded, particularly in the absence of any legal
authority to support Plaintiff's position, that he has adequately complied with
the requirements of Rule 26(a)(2), Fed.R.Civ.P., by simply providing Defendant with a
medical authorization and medical records from which Defendant can extrapolate a
summary of the facts and opinions about which the experts are expected to testify.

"treating physicians may only testify as lay witnesses about their observations made during the course of [plaintiff's] treatment" and "[a]s lay witnesses, the treating physicians may not answer hypothetical questions"); *Pugliese v. Texas Roadhouse, Inc.*, Case No: 5:17-cv-392-Oc-PRL, 2018 WL 3757762, *1-2 (M.D. Fla. Aug. 8, 2018) (finding plaintiff's disclosure of the treating providers to be inadequate under Rule 26(a)(2)(C)(ii), Fed.R.Civ.P., because it "provide[d] little more than the name and address for each provider, together with general statements such as that the witness is a 'board certified orthopedic surgeon,' and 'testimony will relate to his treatment of Plaintiff's injuries after the subject accident, his diagnosis and prognosis, and the resulting medical bills and charges,'" which was "far too abbreviated to provide Defendant with notice and information about the critical parts of the proposed testimony, namely a summary of the facts and opinions that each witness is expected to testify about"); *Small v. Amgen, Inc.*, No. 2:12-cv-476-FtM-PAM-MRM, 2017 WL 5443912, *4 (M.D. Fla. Feb. 15, 2017) ("Plaintiffs' summaries here essentially tell Defendants nothing about the opinions the physicians will offer or the facts on which the physicians will base those opinions. . . . [Thus], the Court finds that Plaintiffs' purported summaries and vague references to medical records do not come close to satisfying the disclosure requirement imposed by Fed. R. Civ. P. 26(a)(2)(C)(ii)."); *Carmody*, 2015 WL 12853077 at *1 ("Plaintiff's

Notice provides information about the subject matter of each physician's expected testimony, but it does not provide the opinions about which each witness is expected to testify. Therefore, Plaintiff's Notice is insufficient with respect to disclosure of treating physicians."). Further, to the extent Dr. Rose could not be considered a non-retained expert (*see* Doc. 51 at 5-6, 17), an expert report was necessary in order to comply with Fed.R.Civ.P. 26(a)(2)(B).

Nevertheless, the Court recognizes that "the striking of an expert is a drastic remedy." *Small*, 2017 WL 5443912 at *4. Since both the Motion and the Response were timely filed well before the discovery deadline and considering the other circumstances in this case, the Court will give Plaintiff one final opportunity[5] to redraft his expert disclosures in order to bring them into full compliance with Rule 26(a)(2), Fed.R.Civ.P. *See Pugliese*, 2018 WL 3757762 at *2 ("This harm to Defendant is not insubstantial; however, it can be largely cured by requiring Plaintiff to redraft her existing disclosure[.]"). The revised disclosures shall be served on Defendant **on or before October 31, 2022**; Defendant shall have **thirty (30) days** thereafter to serve its expert disclosures. All other deadlines in the Amended Case Management and Scheduling Order shall remain intact and the granting of this extension

---

[5] The Court is more than generous in giving Plaintiff another opportunity to redraft his expert disclosures, considering that he apparently did not attempt to work out the issues with opposing counsel as part of the conferral process under Local Rule 3.01(g).

shall not serve as a basis to seek extension of any other deadlines in the case.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 49**) is **DENIED without prejudice**.[6]   Plaintiff is cautioned that failure to fully comply with this Order **no later than October 31, 2022**, will likely result in an order striking his expert disclosures and precluding him from relying on the testimony of the physicians for any purpose during this case.

   **DONE AND ORDERED** at Jacksonville, Florida, on October 14, 2022.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[6] In light of Plaintiff's representations in his Response with respect to Dr. Jones, that part of the Motion, which sought to preclude Plaintiff from offering Dr. Jones's testimony as a damages expert, appears to be moot.   (*See* Doc. 49 at 5-6; Doc. 51 at 7.)